**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS TYRONE THOMAS,<br><br>    Petitioner,<br><br> vs.<br><br>A. P. KANE, Warden,<br><br>    Respondent. | No. C 05-2318 PJH (PR)<br><br>GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE |

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility at Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. See 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was convicted of second degree murder in 1984. He received a sentence of fifteen years to life in prison, plus two years. In 2003 the Board of Prison Terms determined that he was suitable for parole and set a release date. The governor, however, reversed the board's decision, allegedly relying on pre-conviction factors. Petitioner alleges that he has exhausted his claim by way of state habeas petitions.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

1  in custody in violation of the Constitution or laws or treaties of the United States." 28
2  U.S.C. § 2254(a).
3  It shall "award the writ or issue an order directing the respondent to show cause
4  why the writ should not be granted, unless it appears from the application that the
5  applicant or person detained is not entitled thereto." Id. § 2243.
6  B. Legal Claims
7  As grounds for federal habeas relief, petitioner asserts that his due process
8  rights were violated by the governor's decision, in that it relies upon factors which will
9  never change. This contention is sufficient to require a response. See Biggs v.
10 Terhune, 334 F.3d 910, 916-17 (9th Cir. 2003) ("A continued reliance [after a first
11 denial of parole] on an unchanging factor . . . runs contrary to the rehabilitative
12 goals espoused by the prison system and could result in a due process violation.").

**CONCLUSION**

15 For the foregoing reasons and for good cause shown,
16 1. In view of petitioner's trust account balance and income over the last six
17 months prior to filing the petition, leave to proceed in forma pauperis (doc 1) is
18 DENIED. Petitioner shall pay the five-dollar filing fee within thirty days of the date of this
19 order. If he does not, this case will be dismissed.
20 2. The clerk shall serve by regular mail a copy of this order and the petition and
21 all attachments thereto on respondent and respondent's attorney, the Attorney General
22 of the State of California. The clerk also shall serve a copy of this order on petitioner.
23 3. Respondent shall file with the court and serve on petitioner, within sixty days of
24 the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
25 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not
26 be granted. Respondent shall file with the answer and serve on petitioner a copy of all

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

SO ORDERED.

DATED: July 11, 2005.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\THOMAS318.OSC