**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURTIS TYRONE THOMAS,

    Petitioner,

vs.

A. P. KANE, Warden,

    Respondent.
                                     /

No. C 05-2318 PJH (PR)

**DENIAL OF MOTION TO DISMISS**

    This is a habeas case filed pro se by a state prisoner. Before the court for decision is respondent's motion to dismiss.

**DISCUSSION**

    Respondent contends that petitioner has not properly pleaded a basis for federal habeas relief because he does not say that his federal constitutional rights were violated, name an amendment that he contends was violated, or use a phrase like "due process."

    Petitioner phrased his claim in his petition as being that the governor's decision to reverse a grant of parole to him by the Board of Parole Hearings was "not supported by 'some evidence' having an 'indicia of reliability.'"  In its order to show cause the court described this issue as being that "[petitioner's] due process rights were violated ...," although petitioner had not actually said that his claim involved due process, nor had he mentioned the federal Constitution or any particular amendment.

    This case was originally filed in the United States District Court for the Central District of California and was on that court's form. In his opposition petitioner contends that he adequately alleged a federal basis by including two central district case numbers on the first page of the petition, in response to an instruction to list "[p]reviously filed, related cases

in this district court." It appears that the case numbers are not of cases brought by petitioner, as was the intention of the instruction, but those brought by other prisoners – that is, he was treating the instruction as if it had asked for "case numbers of cases which are similar to yours." He asserts that those cases had citations to federal cases and federal claims. He also contends in the opposition that he alleged federal grounds in his state court proceedings.

Petitioner' contentions are without merit. His mere reference to two district court case numbers, and that in the wrong place, clearly is not enough to specify a federal basis for the claims, and his references to having mentioned federal grounds in state court goes to whether he has exhausted, not whether he has adequately pleaded a federal ground here. But this does not mean that respondent is necessarily right in his motion.

There is surprisingly little authority going to what must be pled in a federal habeas petition, but there is some: an application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

The requirement of Rule 2(c) that the petition "specify all the grounds for relief which are available to the petitioner... " does not on its face prove or disprove respondent's contention that a federal habeas petitioner must specify the constitutional basis for his claims, or at least allege that the claim is based on federal law or the Constitution, because "specify" is broad enough to encompass many meanings, including the requirement for which respondent argues. The second requirement, that the petitioner "set forth in summary form the facts supporting each of the grounds thus specified," suggests that the required specification of grounds is different from the facts, which eliminates the possibility that simply pleading facts would be enough, but that does not explain what must be

pleaded to comply with the "specify all grounds" requirement.

The lack of a specific requirement in the rule that a legal theory be pleaded suggests that all that is necessary is a statement sufficient to tell the court what claims are before it and to allow the respondent to answwer.  The court concludes that the requirement that a petitioner "specify" the grounds for relief means that the legal basis for the claim must be readily apparent to an objective and legally-sophisticated reader from the petitioner's statement itself.

In this case, petitioner alleges that the decision was "not supported by 'some evidence' having an 'indicia of reliability.'"  The Ninth Circuit has held that denying parole without "some evidence in the record" to support the denial is a violation of due process, *Irons v. Carey,* 479 F.3d 658, 662 (9th Cir. 2007), and that to satisfy due process the evidence underlying the board's decision must have some indicia of reliability, *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002).  Petitioner's use of "some evidence" and "indicia of reliability" – the quotation marks are his – clearly refer to these holdings, and they are holdings that are very frequently, almost invariably, among the grounds raised in prisoner habeas petitions directed to parole denials, as this one is.  The "grounds for relief" petitioner is raising are clear enough.  The motion to dismiss will be denied.

## CONCLUSION

The motion to dismiss filed January 23, 2007, is **DENIED**.   Respondent shall file an answer going to the merits and the record by June 25, 2007.  If petitioner wishes to respond, he may do so by filing a traverse (response) by July 26, 2007.

**IT IS SO ORDERED.**

Dated: May    10    , 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\THOMAS318.DIS

3